Desiree D. Nguyen, Esq. (SBN: 278811)
desiree@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
605 Market St., Ste. 1200
San Francisco, CA 94105
(415) 495-7770
(415) 495-7773

**E-filing**

Attorneys for Plaintiff Alicia Lander

*FILED*
APR 13 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA LANDER | CASE NO: 12 1867 |
| PLAINTIFF, | **COMPLAINT FOR DAMAGES** |
| V. | LB |
| | **JURY TRIAL DEMANDED** |
| HUNT & HENRIQUES; PORTFOLIO RECOVERY ASSOCIATES, LLC. | |
| DEFENDANT. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

1      to insure that those debt collectors who refrain from using abusive debt

2      collection practices are not competitively disadvantaged, and to promote

3      consistent State action to protect consumers against debt collection abuses.

4   2.  The California legislature has determined that the banking and credit system

5      and grantors of credit to consumers are dependent upon the collection of just

6      and owing debts and that unfair or deceptive collection practices undermine

7      the public confidence that is essential to the continued functioning of the

8      banking and credit system and sound extensions of credit to consumers. The

9      Legislature has further determined that there is a need to ensure that debt

10     collectors exercise this responsibility with fairness, honesty and due regard

11     for the debtor's rights and that debt collectors must be prohibited from

12     engaging in unfair or deceptive acts or practices.

13  3.  Alicia Lander, (Plaintiff), through her attorneys, brings this action to

14     challenge the actions of Hunt & Henriques ("Defendant H&H") and Portfolio

15     Recovery Associates, LLC, ("Defendant PRA") (collectively "Defendants"),

16     with regard to attempts by Defendants to unlawfully and abusively collect a

17     debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

18  4.  Plaintiff makes these allegations on information and belief, with the exception

19     of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

20     Plaintiff alleges on personal knowledge.

21  5.  While many violations are described below with specificity, this Complaint

22     alleges violations of the statutes cited in their entirety.

23  6.  Unless otherwise stated, all the conduct engaged in by Defendants took place

24     in California.

25  7.  Any violations by Defendants were knowing, willful, and intentional, and

26     Defendants did not maintain procedures reasonably adapted to avoid any such

27     violation.

28

HYDE & SWIGART
San Diego, California

1    8.    Any and all violations alleged against Defendant H&H are imputed to PRA
2          under the theory of vicarious liability, because the actions undertaken by
3          Defendant H&H were an attempt to collect the alleged debt by an attorney's
4          office on behalf of Defendant PRA.

5    9.    All violations alleged under the FDCPA are alleged as to all named
6          Defendants.

7    10.   All violations alleged under the Rosenthal Act are alleged as to all named
8          Defendants.

9

10                **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

11   11.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
12         1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

13   12.   This action arises out of Defendants' violations of the Fair Debt Collection
14         Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair
15         Debt Collection Practices Act, California Civil Code §§ 1788-1788.32
16         ("Rosenthal Act").

17   13.   Because Defendants do business within the State of California, personal
18         jurisdiction is established.

19   14.   Venue is proper pursuant to 28 U.S.C. § 1391.

20   15.   At all times relevant, Defendants conducted business within the State of
21         California.

22   16.   Intradistrict assignment to the San Francisco Division or Oakland Division is
23         proper because a substantial part of the events or omissions which gave rise to
24         the claim occurred in a county within the purview of these divisions.

25
26
27
28

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

**PARTIES**

17. Plaintiff is a natural person who resides in the City of San Leandro, State of California.

18. Defendant PRA is located in the City of Norfolk, in the State of Virginia.

19. Defendant H&H is located in the City of San Jose, in the State of California.

20. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. Defendants are persons who use an instrumentality of interstate commerce or the mail in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

23. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

HYDE & SWIGART
San Diego, California

**FACTUAL ALLEGATIONS**

25. Sometime before July 29, 2011, Defendant PRA, through its attorneys Defendant H&H, filed a state court collections action against a California consumer named "Alicia Landers" for a financial obligation.

26. The "Alicia Landers" that Defendants received a judgment against was and is not the current Plaintiff in this action, "Alicia Lander," and the two of them have a different name.

27. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

28. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

29. Sometime thereafter, but before July 29, 2011, Defendant PRA through its counsel Defendant H&H, obtained a court judgment against "Alicia Landers" in the state court collections action.  Ms. Lander was not involved in that action.

30. Sometime thereafter, but before July 29, 2011, Defendant PRA, through its counsel Defendant H&H, falsely alleged to Ms. Lander's employer that Ms. Lander owed the debt actually owed by Alicia *Landers*, and served on Ms. Lander's employer an earnings withholdings order pursuant to the court judgment issued in the state court collections action against "Alicia Landers." This reckless action by Defendants caused Ms. Lander significant actual damages.

31. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A) as well as Cal.Civ.Code § 1788.17.

33. On or about July 29, 2011, Ms. Lander received notice from her employer that her wages were being garnished pursuant to an earnings withholding order.

34. Ms. Lander has never used the name "Alicia Landers" nor was Ms. Lander the named defendant in the state court collections action. Despite these facts, Defendants continued to allege that the debt in question was owed by Ms. Lander. Despite these facts, Defendant continued to attempt to collection procedures for the alleged debt from Ms. Lander.

35. On or about August 1, 2011, Ms. Lander spoke with a representative of Defendant H&H, as an agent of Defendant PRA. After Ms. Lander's advised Defendants that they were collecting from the wrong person, the H&H representative told Ms. Lander that the alleged debt stemmed from an unpaid account with "Gateway" issued by "HSBC" and that Ms. Lander's only option was to pay the debt.

36. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

37. During this conversation, Ms. Lander advised Defendants that she was not the person who owed the alleged debt, but Defendants refused to listen. At one point Ms. Lander asked to speak with the manager and was connected with "Barbara Jordan."

38. After explaining that Ms. Lander is not "Alicia Landers" and has never used the name "Landers", Ms. Jordan told Plaintiff to provide a lease agreement, a

HYDE & SWIGART
San Diego, California

1  utility bill, and verification from Plaintiff's employer showing that Plaintiff's
2  name is "Lander" not "Landers".

3  39. On or about August 15, 2011, Ms. Lander complied with Ms. Jordan's request
4  by faxing Ms. Lander's lease agreement, a PG&E bill, and verification from
5  her employer to Ms. Jordan.

6  40. On or about August 18, 2011, Defendant H&H, ignored this proof that
7  Defendants were violating the FDCPA and California's Rosenthal Act and
8  chose to garnished twenty-five percent (25%) of Ms. Lander's wages in its
9  capacity as an agent for Defendant PRA.

10  41. Through this conduct, Defendants used an unfair or unconscionable means to
11  collect or attempt to collect any debt. Consequently, Defendants violated 15
12  U.S.C. § 1692f as well as Cal.Civ.Code § 1788.17.

13  42. Through this conduct, Defendants were collecting an amount (including any
14  interest, fee, charge, or expense incidental to the principal obligation) when
15  such amount was not expressly authorized by the agreement creating the debt
16  or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1)
17  as well as Cal.Civ.Code § 1788.17.

18  43. On or about August 23, 2011, Ms. Lander again spoke with Ms. Jordan to find
19  out why the garnishment occurred even though Ms. Lander's had previously
20  informed Ms. Jordan that the alleged debt in question was for a different
21  person and even though Ms. Lander had complied with Ms. Jordan's request
22  for proof of Ms. Lander's identity.

23  44. Ms. Jordan claimed that she did not receive Ms. Lander's documents and
24  asked her to re-fax them. After this call, Ms. Lander left work and re-faxed
25  the documents from Staples in El Cerrito, California to Defendant H&H on or
26  about August 23, 2011.

27

28

HYDE & SWIGART
San Diego, California

45. Again, on or about August 25, 2011, Defendant PRA, through its counsel Defendant H&H, garnished an additional twenty-five percent (25%) of Ms. Lander's wages.

46. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f as well as Cal.Civ.Code § 1788.17.

47. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendants violated 15 U.S.C. § 1692f(1) as well as Cal.Civ.Code § 1788.17.

48. Only after this second garnishment did Defendant H&H correct their error by terminating garnishment proceedings on Ms. Lander.

49. On or about August 26, 2011, Defendant H&H contacted Ms. Lander's employer's payroll department to notify them of release of garnishment regarding Ms. Lander.

50. On or about October 11, 2011, Ms. Lander's payroll department informed Ms. Lander that the garnishment was terminated.

51. On or about January 18, 2011, after the garnishment was terminated, Ms. Lander telephoned Defendant H&H to follow up regarding the return of her garnished income.

52. During this call Plaintiff again spoke with Ms. Jordan who informed Ms. Lander that Defendant H&H was at fault for the incorrect garnishment and that Defendant H&H would send Plaintiff an affidavit to "finalize" the account.

53. Subsequently Defendant H&H mailed Plaintiff an "Affidavit of Fraudulent Use" dated January 30, 2012.  Since their was no "fraudulent use" by anyone other than Defendants, Ms. Lander did not complete the affidavit.

HYDE & SWIGART
San Diego, California

54. On or about February 9, 2012, HSBC, the original creditor of the alleged debt, mailed Ms. Lander a letter confirming that the alleged debt was not her account.

55. Again, on or about March 9, 2012, Defendant H&H mailed Plaintiff an "Affidavit of Fraudulent Use." Again, Ms. Lander did not complete the affidavit as she did not believe the account was fraudulent. Ms. Lander also relied on the letter from the original creditor stating that this account did not belong to Ms. Lander.

56. Due to Defendants' actions, Ms. Lander suffered actual damages in the form of mental anguish which manifested in symptoms including but not limited to: nervousness, stress, anxiety, loss of sleep, feelings of irritability, embarrassment, frustration, all impacting Plaintiff's personal relationships.

57. Due to Defendants' actions, Ms. Lander further suffered actual damages in the form of loss of reputation at her place of employment as well as non-reimbursement of the funds garnished by Defendants.

58. Had Defendants used reasonable care in dealing with this matter instead of acting in the abusive and reckless manner in which it did, Ms. Lander would not have suffered the significant damages she incurred. Instead, Defendants acted, and continue to act to this day, in a knowingly, willfully, and intentionally abusive manner by refusing to refund the money Defendants obtained illegally.

59. Defendants did not maintain procedures reasonably adapted to avoid these violations of the FDCPA and California's Rosenthal Act.

60. To date, Ms. Lander has not been refunded any part of the illegally obtained garnishment of Ms. Lander's wages by Defendants because Defendants believe that as an abused consumer Ms. Lander will not have the financial resources or wherewithal to hire an attorney and pursue her legal rights.

HYDE & SWIGART
San Diego, California

## CAUSES OF ACTION

## COUNT I

### AS TO ALL NAMED DEFENDANTS

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

63. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II

### AS TO ALL NAMED DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

64. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

66. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

HYDE & SWIGART
San Diego, California

1 $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

2 fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

3

4 **PRAYER FOR RELIEF**

5 WHEREFORE, Plaintiff prays that judgment be entered against each Defendant,

6 jointly and severally, and Plaintiff be awarded damages from each Defendant, as

7 follows:

8 • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

9 • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

10 1692k(a)(2)(A);

11 • An award of costs of litigation and reasonable attorney's fees, pursuant

12 to 15 U.S.C. § 1692k(a)(3);

13 • An award of actual damages pursuant to California Civil Code §

14 1788.30(a);

15 • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

16 § 1788.30(b);

17 • An award of costs of litigation and reasonable attorney's fees, pursuant

18 to Cal. Civ. Code § 1788.30(c).

19 67. Pursuant to the seventh amendment to the Constitution of the United States of

20 America, Plaintiff is entitled to, and demands, a trial by jury.

21

22 Respectfully submitted,

23 **Hyde & Swigart**

24

25 Date: April 9, 2012 By:s/ Desiree D. Nguyen

26 Desiree D. Nguyen
Attorneys for Plaintiff

27

28

Left margin: **HYDE & SWIGART** San Diego, California